AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.
Daniel Joseph ADKINS

*Defendant(s)*

Case No.

Case: 2:24−mj−30181
Assigned To : Unassigned
Assign. Date : 5/10/2024
Description: COMP USA V. ADKINS (KB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 4/11/2024 in the county of Jackson in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 922 (g) (1) | Posession of a firearm and ammunition by a convicted felon. |
| 18 U.S.C. 924 (c) | Carrying a firearm during and in relation to drug trafficking. |
| 21 U.S.C. 841 (a) (1) | Posession of a controlled substance with the intent to distribute. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

Justin Chamberlain
*Complainant's signature*

ATF Special Agent Justin Chamberlain
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 10, 2024

Elizabeth A. Stafford
*Judge's signature*

City and state: Detroit, Michigan

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Justin D. Chamberlain, Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being first duly sworn, on oath, hereby depose and state as follows:

***Introduction and Agent Background***

1. I make this affidavit in support of a criminal complaint for Daniel Joseph **Adkins** for the crimes of Title 18, U.S.C. § 922 (g)(1), which prohibits the possession or use of a firearm or ammunition by a convicted felon; Title 18 U.S.C. § 924(c), which prohibits the use, or carrying of a firearm during and in relation to drug trafficking, or possession of a firearm in furtherance of drug trafficking; and 21 U.S.C. § 841(a)(1), which prohibits the distribution and/ or the possession of a controlled substance with intent to distribute.

2. I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and have served in this capacity since December 2013. Prior to being an ATF Special Agent, I was a Border Patrol Agent with the United States Border Patrol for nine years. During this role, I worked in three duty stations: (1) Deming, New Mexico; (2) Massena, New York; and (3) Ogdensburg, New York. While employed as a Border Patrol Agent, I received cross-training in

21 U.S.C. food and drug statutes. Specifically, I received specialized training for drug trafficking. I completed a training course at the Federal Law Enforcement Training Center, where I learned how to conduct complex investigations involving firearms and narcotics. I have participated in various firearms investigations involving the unlawful possession of firearms and ammunition by prohibited persons. I have conducted investigations involving armed drug traffickers.

3. I currently work in conjunction with other federal, state, and local law enforcement agencies to investigate gang activity and drug trafficking organizations, who utilize firearms. As such, I am a "federal law enforcement officer," within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for federal criminal offenses and make requests for warrants.

4. The facts in this affidavit come from my personal observations, training, experience, and information obtained from special agents, task force officers, police officers, detectives, and witnesses. This affidavit is intended to show that there is sufficient probable cause for the criminal complaint and does not set forth all information developed from the investigation.

5. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that Daniel Joseph **Adkins** violated 18 U.S.C. § 922 (g)(1), 18 U.S.C. § 924(c), and 21 U.S.C. § 841 (a)(1).

***Probable Cause***

6. In June 2023, the Michigan Department of Corrections paroled **Adkins**. In October 2023, **Adkins** absconded from parole and a warrant issued for his arrest. In January 2024, the Michigan State Police obtained an arrest warrant for **Adkins** for aggravated assault.

7. I have reviewed Adkins' criminal history. It includes:

- 2017 felony conviction for possessing methamphetamine, 1st Cir. Court, Hillsdale County, MI;
- 2018 felony conviction for delivery/manufacture of ecstasy/MDMA, 1st Cir. Court, Hillsdale County, MI;
- 2020 felony conviction for unlawful possession of firearms by convicted felon, 1st Cir. Court, Hillsdale County, MI

8. In March 2024, the Michigan State Police provided information that it suspected **Adkins** of trafficking methamphetamine and stolen firearms.

9. On April 11, 2024, I received information from the Michigan State Police that Blackman-Leoni Township Police (the "Township Police") arrested

**Adkins** and a woman for shoplifting at a Jackson, Michigan Walmart. When officers arrived at Walmart, they discovered **Adkins** had an empty pistol holster on his hip. **Adkins** told officers the holster was intended to hold a large knife. However, based on my training and experience, the holster was consistent with one used to carry a small framed, small-caliber pistol.

10. The Township Police reviewed Walmart security camera footage. The footage showed **Adkins** arrive in a white Dodge Caliber. The video showed **Adkins** get out of the driver's side of the vehicle and a woman got out of the passenger's side. The footage captured Adkins and the woman entering the Walmart enter the store. The footage also showed **Adkins** wearing the same clothes as he exited the vehicle as seen in later security footage from inside Walmart; to include footage of **Adkins** while detained in the loss prevention office of Walmart.

11. Walmart management requested the Township Police remove the vehicle **Adkins** drove to Walmart. Both **Adkins** and the woman were arrested and taken to Jackson County Jail.

12. Officers contacted a local tow company who arrived and towed the vehicle to a nearby tow yard. During the tow process, the car remained locked and untouched. Once towed to the secure tow lot, the driver

opened the driver's side door of the vehicle to take a photograph of the Vehicle Identification Number (VIN). The driver saw an open black box on the driver's side floorboard in plain view. The box contained two bags of clear, rock-like substances. The driver also observed a small black firearm, laying next to the box. The driver removed the black box from the floorboard, left the firearm in place, and contacted the Township Police.

13. Officers secured a warrant to search the car. Officers seized the small black firearm, which was a Ruger, model LCP, .380 Cal. Pistol, SN: 37602813 ("Ruger"). The Ruger was loaded with six rounds of ammunition in the magazine and one round in the chamber. Based on my training and experience, the Ruger is a small black handgun that appears to be able to fit in **Adkins**'s holster. Six additional rounds of ammunition were in a felt bag attached to a light switch lever.

14. Officers also seized the black box with the two baggies. One bag contained 75.6 gross grams of suspected narcotics. The second bag contained 3 gross grams of suspected narcotics. Officer utilized a TruNarc testing devices to tests the substances contained in both baggies. The substances contained in both baggies field tested positive as methamphetamine. Officers found a digital scale in the center console and sandwich baggies in the glove box.

15. Based on my training and experience, I know that the amount of methamphetamine recovered is consistent with sale amounts. The fact that **Adkins** also had a digital scale and sandwich baggies in the car is also consistent with narcotics trafficking. I also know from my training and experience that firearms are often possessed in furtherance of drug trafficking, to protect the seller, the seller's drugs, and the seller's money.

16. On May 6, 2024, I spoke with ATF Special Agent Mark Davis, a firearm nexus expert, regarding the Ruger. In the opinion of Special Agent Davis, the firearm was not manufactured in Michigan and, therefore, has traveled in interstate or foreign commerce.

***Conclusion***

17. Based upon the information above, there is probable cause to believe that Daniel Joseph **Adkins**, knowing he was a felon, did knowingly possess a firearm and ammunition, in violation of 18 U.S.C. § 922 (g)(1). There is also probable cause to believe that **Adkins** did possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1); and that **Adkins** knowingly possessed a firearm during and in relation to a drug trafficking crime, namely possess with intent to distribute a controlled substance, a violation of 18 U.S.C. § 924(c).

Justin Chamberlain
Justin D. Chamberlain
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence and/or by reliable electronic means.

Elizabeth A. Stafford
HON. ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE